IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) 2:23-cr-66 |
| v. | ) |
| | ) |
| ROMAN GRIFFEY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM ORDER

**J. Nicholas Ranjan, United States District Judge**

A federal grand jury indicted Defendant Roman Griffey for (1) possession with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(vi), and 841(b)(1)(C); (2) unlawful possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e); and (3) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). Before the Court is his motion to dismiss the Section 922(g)(1) charge. ECF 49. Mr. Griffey argues that Section 922(g)(1) is unconstitutional as applied to him and on its face. *Id.*, p. 2. He also argues that Section 922(g)(1) is unconstitutionally vague and violates the Commerce Clause. *Id.*, p. 3. After careful review, the Court denies his motion.

## BACKGROUND

Count Two of the indictment accuses Mr. Griffey of allegedly possessing a firearm on or about July 24, 2022, knowing that he had previously been convicted of the following felonies in state court: (1) Possession with intent to distribute a controlled substance, on or about September 12, 2013; (2) Possession with intent to distribute a controlled substance, on or about September 12, 2013; (3) Conspiracy to commit aggravated assault, on or about October 3, 2013; (4) Flight to avoid apprehension, on or about October 3, 2013; (5) Aggravated assault, on or about July

31, 2017; and (6) Possession with intent to distribute a controlled substance, on or about August 22, 2017.  ECF 1.

The parties do not dispute that, at the time that the offense conduct underlying the Section 922(g)(1) charge occurred, Mr. Griffey was on state-court probation for a prior conviction.  ECF 54, p. 18; ECF 57, p. 6.

## DISCUSSION & ANALYSIS

Mr. Griffey first argues that, under the framework in *New York State Rifle & Pistol Association, Inc. v. Bruen*, Section 922(g)(1) violates the Second Amendment as applied to him.  ECF 49, p. 3.  To begin with, the Court finds that, under the first step of *Bruen*'s two-step framework for analyzing Second Amendment challenges to firearm regulations, Mr. Griffey is among "the people" who have Second Amendment rights, and engaged in conduct protected by the Second Amendment—specifically, *e.g.*, possession of a firearm.  *See United States v. Quailes*, 126 F.4th 215, 220-21 (3d Cir. 2025) (defendants on probation, "as adult citizens, are among 'the people' presumptively protected by the Second Amendment," and Section 922(g)(1) punishes "punishes quintessential Second Amendment conduct—possession of a firearm" (cleaned up)); *Range v. Att'y Gen. United States*, 124 F.4th 218, 228 (3d Cir. 2024) (*en banc*) (a felon is among "the people" protected by the Second Amendment, and his proposed conduct—to possess a rifle—is protected by the Second Amendment).

Under *Bruen*'s second step, to justify a statute regulating protected conduct, the government bears the burden of showing that "the regulation is consistent with this Nation's historical tradition of firearm regulation." *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1, 17 (2022).  Courts must determine whether the challenged law is "relevantly similar to laws that our tradition is understood to permit[.]" *United States v. Rahimi*, 602 U.S. 680, 692 (2024) (cleaned up).

Relying on *Rahimi*, and as part of the second step of the *Bruen* analysis, the Third Circuit recently rejected an as-applied challenge to Section 922(g)(1) in *Quailes*

and held that there was a historical tradition of firearm dispossession for individuals who are on parole or probation. 126 F.4th at 221 ("This Nation's history demonstrates a longstanding and uninterrupted tradition of disarming convicts still serving a criminal sentence."). *Quailes* is dispositive. Mr. Griffey's as-applied challenge to Section 922(g)(1) fails under *Quailes* because, like one of the defendants in *Quailes*, he was on state probation at the time the conduct underlying his Section 922(g)(1) charge occurred.

Mr. Griffey next argues that Section 922(g)(1) is unconstitutional on its face. ECF 49, p. 7. But this argument necessarily fails because "[a] party asserting a facial challenge must establish that no set of circumstances exists under which the [statute] would be valid." *United States v. Mitchell*, 652 F.3d 387, 405 (3d Cir. 2011) (cleaned up). Since his as-applied challenge fails, Mr. Griffey "has not shown that there is no set of circumstances under which the statute may be applied constitutionally." *Id.* at 415 (cleaned up).

As to Mr. Griffey's argument that Section 922(g)(1) is void for vagueness, "Section 922(g)(1) is not vague as it clearly bars the possession of a firearm by any person who has previously been convicted of a crime punishable by more than one year in prison (or of certain misdemeanors as specifically defined)." *United States v. Ames*, No. 23-178, 2023 WL 5538073, at *3 (E.D. Pa. Aug. 28, 2023); *United States v. Williams*, 553 U.S. 285, 304 (2008) (a criminal statute is impermissibly vague only if it "fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement").

Finally, Mr. Griffey asserts "for preservation purposes" that Section 922(g)(1) is "inconsistent with the original public meaning of the Constitution's Commerce Clause." ECF 49, pp. 10-11. As Mr. Griffey acknowledges, his "Commerce Clause challenge to the constitutionality of Section 922(g) fails on the merits, based on

existing precedent." *United States v. Addison*, No. 23-118, 2024 WL 4278289, at *5 (W.D. Pa. Sept. 24, 2024) (Ranjan, J.) (cleaned up).

*   *   *

For these reasons, Mr. Griffey's motion to dismiss Count Two of the indictment is **DENIED**.

DATE: March 10, 2025                BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge